IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

| | |
|---|---|
| In re<br><br>**TERRY R. WHALEN, JR.,**<br><br>  Debtor. | Bankruptcy Case: 12-14639-DER<br><br><br>Chapter 7 |
| **JUDY A. ROBBINS**<br>United States Trustee for Region Four,<br><br>        Plaintiff<br><br>v.<br><br>**TERRY R. WHALEN, JR.**<br><br>        Defendant | Adversary Proc.: 12-00381-DER |

**PLAINTIFF'S POST-TRIAL MEMORANDUM**

Plaintiff, Judy A. Robbins, the United States Trustee for Region Four, by undersigned counsel, hereby submits her Post-Trial Memorandum.

This memorandum addresses the principal issue raised by the Court at trial: materiality of the non-disclosures and concealments in this case, as set forth in the U.S. Trustee's objections to discharge. An included related issue raised by the Court is whether Statement of Affairs Question Two requires disclosure of distributions from an estate or trust.

   A.   **The Potential Exempt Status of The Non-Disclosed Asset Is Irrelevant to Its Materiality.**

In *Williamson v. Fireman's Fund Insurance Company*, 828 F.2d 249 (4th Cir. 1987), the

Fourth Circuit explained that to support a denial of discharge under 11 U.S.C. § 727(a)(4), a false statement or non-disclosure must be material. *Id.* at 251. The *Williamson* Court cited *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984), which set forth the following test for materiality: "The subject matter of a false oath is 'material,' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property."

The *Chalik* case has been described as the "seminal case" on materiality[1] and the test set forth above has become the test adopted in this and other jurisdictions. *In re Slatterly*, 333 B.R. 340, 344 (D. Md. 2005); *see also In re Barbee*, 479 B.R. 193, 202 (Bankr. S.D. Ga. 2012); *In re Phillips*, 418 B.R. 445, 461 (Bankr. M.D. Fla. 2009); *In re Strickland*, 350 B.R. 158, 165 (Bankr. D. Del. 2006); *In re Gartner*, 326 B.R. 357, 372 (Bankr. S.D. Tex. 2005); *In re Pattison*, 305 B.R. 685, 687 (E.D. Mich. 2003); *In re Wills*, 243 B.R. 58, 62 (9th Cir. BAP 1999) (all applying the *Chalik* test).

There is no reasonable dispute that Debtor failed to disclose at least $41,200 received from his late father's trust during the two years prior to commencement of the case, and the payments and transfers made with this money. There is no reasonable dispute that Debtor failed to disclose that he had $8,300 in cash on the petition date that he failed to disclose on Schedule B. The non-disclosures of these facts clearly relates to the debtor's estate, dispositions of property, avoidable transfers, and prepetition business transactions using receipts from the trust. In fact, the trustee in his turnover action (Adversary proceeding #12-00310) pursued recovery of transferred distribution funds not disclosed in the debtor's schedules, statement of affairs, or initial meeting testimony.

Debtor argues that because he could have exempted the $8,300 he possessed at the time

he completed his schedules, his misrepresentations were not material. The cases are legion that a debtor's ability to exempt a non-disclosed asset does not render the non-disclosure immaterial. Again, the test for materiality is whether the non-disclosure "bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *Chalik*, 748 F.2d at 618. That a debtor might be able to exempt the property is irrelevant to that test. Moreover, property cannot become exempt until the debtor first discloses it and then exempts it. As the Eight Circuit explained in finding the non-disclosure of a potentially exempt tax refund to be a material non-disclosure:

> The district court's conclusion, which it deemed dispositive, that the state tax refund was exempt, did not establish that the nondisclosure of the refund was immaterial. Mertz was required to disclose the refund as part of his estate, and assert any exemption he might have. The creditors then would be able to evaluate the exemption claim, which involved the application of North Dakota law. As the bankruptcy court pointed out, "the petition, including schedules and statements, must be accurate and reliable, without the necessity of digging out and conducting independent examinations to get the facts." Indeed, had it not been for the adversary hearing, at which Mertz first revealed the state tax refund, the creditors might never have learned about it.

*Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992); *see also In re Barbee*, 479 B.R. 193, 202 (Bankr. S.D. Ga. 2012) ("Even if debtor can exempt all omitted items if he had duly listed them, the omission is material because a debtor is not automatically entitled to any particular exemption and the omission negates the creditors' right to object to claimed exemptions"); *In re Fraleigh*, 474 B.R. 96, 105 (Bankr. S.D.N.Y 2012) ("[m]ateriality will not turn on the value of the nondisclosed asset, or upon whether it is exempt"); *In re Moreo*, 437 B.R. 40, 65 (E.D.N.Y. 2010) ("[v]irtually every imaginable asset becomes property of the estate upon the filing of a bankruptcy petition .... [l]ying about assets that are part of the estate—even if possibly exempt—

3

certainly bears a relationship to the estate" (internal citations omitted)); *In re Radloff*, 418 B.R. 316, 322 (Bankr. D. Minn. 2009) ("the fact that the particular asset could have been claimed as exempt does not deprive the omission or false scheduling of materiality"); *In re Rohde*, 400 B.R. 230, 235 (Bankr. N.D. Iowa 2009) ("[t]he failure to schedule an asset or to list a pre-petition transfer is not immaterial merely because the asset might have been claimed exempt ... [i]t is not a debtor's prerogative to assess the impact of transactions on his bankruptcy estate and omit those he thinks are immaterial"); *In re Bullough*, 358 B.R. 261, 268 (Bankr. N.D. Tex. 2007); *In re Tauber*, 349 B.R. 540, 560 (Bankr. N.D. Ind. 2006) ("the materiality of an omission is not lessened by the fact that the assets transferred may have been exempt").

In *In re Murray*, 249 B.R. 223 (E.D.N.Y. 2000), the United States District Court for the Eastern District of New York reversed a bankruptcy court ruling that non-disclosure of an exempt 401(k)'s value was immaterial. In *Murray*, the debtor scheduled his 401(k) as having a value of $0 when it actually had a value of approximately $99,000. He also failed to disclose that he recently received an $8,000 loan from that 401(k). *Id.* at 226-27.

The *Murray* Bankruptcy Court had held that the false statement and non-disclosure regarding the 401(k) were not material because:

> Under the applicable state law, the pension plan is exempt from execution by creditors, and any check representing the proceeds of a plan distribution retains its exempt status. Thus, by operation of law, the property of the bankruptcy estate would exclude these proceeds as exempt, and the non-disclosure would not adversely affect the trustee's administration or liquidation of property of the estate.

---

[1] *Nesse v. Garcia* (*In re Garcia*), Case No. 09-11129-PM, 2010 WL 4668802 at *2 (Bankr. D. Md., Nov. 9, 2010) (Mannes, J.)

*Id.* at 230.  Thus, the Bankruptcy Court granted the debtor a discharge.  In reversing the Bankruptcy Court, the District Court held that the false statements and non-disclosures were material, and that "[t]he fact that the assets were arguably exempt does not change this analysis." The District Court enumerated three reasons why a property's exempt status is irrelevant to the materiality analysis.  First:

> [N]on-disclosure of exempt property fits squarely within the definition of material discussed above.  Moreover, claiming an asset need not be disclosed because it is exempt puts the cart before the horse. "Before an exemption can be claimed, it must be estate property." "Section 522(1) of the Bankruptcy Code specifically directs a debtor to file a list of property that the debtor claims as exempt." Property is not exempt by fiat of the debtor, but only through a process of compliance with the statutory disclosures and then by order of the bankruptcy court:
>
>> "Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or unavailable to the bankruptcy estate." This is because "[t]he bankruptcy court, not the debtor, decides what property is exempt from the bankruptcy estate." Section 522(1) of the Bankruptcy Code and Fed.R.Bankr.P. 4003 require debtors claiming exemptions to list the allegedly exempt property in their schedule of assets. The claims of exemptions are then open to scrutiny by the trustee and the court. The bankruptcy process provides that the debtor must first list such property and claim such exemptions. Next, the trustee has an opportunity to review the claim for exemptions. Then, upon the trustee's objections, the bankruptcy court determines the legitimacy of the claim or, if the trustee has no objections, the exemption is then granted.
>
> It is therefore meaningless to say that disclosure is not required because property is exempt. Property can only become exempt through a legal process that includes disclosure. To repeat the central point, "[t]he bankruptcy court, not the debtor, decides what property is exempt from the bankruptcy estate."

3

*Id.* at 230-31(citations omitted.)

Second, the Court reasoned that "the policies underlying the Bankruptcy Code are undermined if debtors can receive a discharge even though they conceal allegedly exempt property" because:

> The purpose behind 11 U.S.C. § 727(a)(4) is to enforce debtors' duty of disclosure and to ensure that the debtor provides reliable information to those who have interest in the administration of the estate. "Bankruptcy Trustees lack the time and resources to play detective and uncover all the assets and transactions of their debtors." Since § 727(a)(4) relates to the discovery of assets and enforces debtors' duty of disclosure, an omission can be material, even if the creditors were not prejudiced by the false statement.

*Id.* at 231. As the Court noted, a discharge is a privilege only accorded to the "honest but unfortunate debtor." *Id.*

And, finally, because "trustees and creditors are entitled to know what these assets are, if for no other reason than to be able to test the assertion that they are properly held and qualified [in the case of retirement plans], and indeed fall within [federal and state exemptions]." *Id.* The exemption defense is simply a red herring in this case. Debtor testified in this case that he did not tell his attorney about the trust income. It is inconceivable that Debtor, as a lay person, had any idea whether or not the trust income was exempt. He intended to and did conceal trust income in his bankruptcy case.

### B. Distributions From a Trust as 'income' for purposes of Statement of Affairs Question 2.

Statement of Financial Affairs Question 2 requires a debtor to disclose *all* income received from sources other than employment or operation of a business during the two years immediately preceding the commencement of the case. The term 'income' is undefined. However, courts have uniformly found it to include receipts of distributions from trusts. *See,*

4

*e.g.*, *In re Taras*, Case No. 03-98427, 2005 WL 6487202 at *5 (Bankr. N.D. Ga., Aug. 19, 2005) ("[i]t is clear that he should have listed the Trust income on the Statement of Financial Affairs"); *see also In re Kidd*, Case No. 11-12357, 2013 WL 240607 (Bankr. D. Kan. Jan. 18, 2013); *In re Lum*, Case No. 10-02529, 2012 WL 909214 (Bankr. D. Haw. March 16, 2012); *In re Ridgway*, 476 B.R. 473, 491 (Bankr. S. D. Miss.2011); *In re Davitch*, 336 B.R. 241, 245-46 (Bankr. W.D. Pa. 2006).

There is, therefore, no basis for the non-disclosure of the information that was not disclosed in response to Question 2. The omission furthered the effective non-appearance of any indication in the debtor's papers that he had been the recipient of substantial distributions from a trust. The non-disclosure furthered the effective non-accountability by the debtor of the disposition of his assets pre-petition, as well as his possession of the concealed cash.

### C. The Circumstances Show Either Intentional Misrepresentation or a Reckless Disregard.

Reckless disregard as to whether schedules and statements are correct and all assets are disclosed is the legal equivalent to intentional fraud under section 727(a). *Stamat v. Neary*, 635 F.3d 974 (7th Cir. 2011); *In re Dudley*, 2012 WL 734153 (Bankr. E.D.N.C. 2012).

In this case, the debtor rested his defense on protestations of innocent inaccuracy, occasioned by his failures to review the schedules, completed in December 2011, when he signed them in March 2012, and again, prior to the April 10 2012 meeting of creditors, despite affirming on the 341 Interrogatory that he had reviewed the schedules on each of those occasions. Debtor's claims of innocent mistake are simply not credible.

Nevertheless, even if the Court were to give credence to Debtor's story, at best Debtor was willful in his alleged innocent misrepresentation. He was willfully reckless so as to provide

himself with a cover for his concealment of cash.  In any case, the circumstances occasioned by his recklessness generate legal cause to deny his discharge.

Debtor's trial protests that his lack of knowledge regarding his bankruptcy case negative any wrongful intent undermines his position, since he cannot claim both to have analyzed his exemptions and acted without considering them.  In other words, if as counsel suggested in final argument, Debtor could have thought that the sum of $8,300 was exempt and therefore created no harm in not disclosing it, he cannot also argue that his failures to indicate receipt of trust distributions or repayments to creditors from same were oversights. He simply cannot have it both ways.

## CONCLUSION

The evidence presented at trial clearly establishes that Debtor is not entitled to a discharge.  He willfully failed to disclose material assets that he was required to disclose.  His willful failure was knowing and fraudulent and committed with the intent to hinder, delay and defraud his creditors.  Granting Debtor a discharge in this case would undermine the proper functioning of the bankruptcy system which is heavily dependent on timely, accurate and complete disclosures of a debtor's assets, liabilities and financial affairs.

                                        Respectfully Submitted,

Dated: March 28, 2013                  Judy A. Robbins,
                                        United States Trustee, Region Four

                                        By: /s/ *Edmund A. Goldberg*
                                             Edmund A. Goldberg (Fed. Bar No. 08943)
                                             United States Department of Justice
                                             101 W. Lombard Street, Suite 2650
                                             Baltimore, MD 21201
                                             (410) 962-4300

<u>Certificate of Service</u>

  I hereby certify that on March 29, 2013, I caused a copy of the foregoing memorandum to be mailed by first-class mail, postage prepaid, to Richard S. Basile, Esq., 6305 Ivy Lane, Suite 416, Greenbelt, MD 20770.

            /s/ *Edmund A. Goldberg*
            Edmund A. Goldberg